IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NETJETS SALES, INC., | : |
| NETJETS AVIATION, INC., | : |
| and | : Case No. _____ |
| NETJETS SERVICES, INC., | : District Judge _____ |
| Plaintiffs, | : |
| vs. | : Magistrate Judge _____ |
| COLIN FAN, | : |
| Defendant. | : |

## COMPLAINT

Plaintiffs NetJets Sales, Inc., NetJets Aviation, Inc. and NetJets Services, Inc. (collectively, "NetJets" or "Plaintiffs"), for their Complaint against Defendant Colin Fan, allege as follows:

### Introduction and Parties

1. This is an action for breach of contract.

2. Each of the Plaintiffs is a Delaware corporation registered to do business in the State of Ohio with its principal place of business located in Franklin County, Ohio at 4111 Bridgeway Avenue, Columbus, Ohio 43219.

3. Upon information and belief, Defendant Colin Fan is a resident of the State of California.

4. Venue is proper in this Court because, *inter alia*, a substantial part of the events or omissions giving rise to Plaintiffs' claim (and harm caused thereby) occurred in this District and

Redacted                                                                                                          .

5. This Court possesses subject matter jurisdiction over this case under 28 U.S.C. § 1332(a) because it is between citizens of different States and the amount in controversy exceeds $75,000.00.

### The NetJets Fractional Aircraft Program

6. Plaintiffs operate a fractional aircraft program (the "NetJets Fractional Program").

7. NetJets Sales, Inc. engages in the business of selling and leasing fractional interests in private jets in the NetJets Fractional Program. Each interest entitles the purchaser or lessor to a certain number of hours of flight time per year, depending on the size of the interest. Regardless of whether they purchase or lease an interest, these individuals and entities are referred to as "Owners."

8. NetJets Aviation, Inc. provides aircraft management and support services, such as flight planning, provision of crewmembers and maintenance, to Owners.

9. NetJets Services, Inc. provides administrative services for the Program and its Owners.

10. There are hundreds of aircraft in the NetJets Fractional Program. One major advantage of participating in the Program is that each Owner has access to other aircraft in the fleet, meaning they can fly on demand, to thousands of airports globally, with hours' notice, even if their own aircraft is out of service, being used by another Owner, or is otherwise unavailable.

11. Plaintiffs charge Owners several types of fees to participate in the Program.

12. These include a Monthly Management Fee, which is a fixed monthly fee that covers costs such as maintenance, insurance and employment of pilots and flight attendants. These costs are incurred (and therefore charged) by Plaintiffs regardless of whether an Owner chooses to fly in a particular month. Monthly Management Fees are due on the first day of each month.

13. Additionally, Monthly Lease Fees are charged to Owners who choose to lease, rather than purchase, an interest in a Program aircraft. Monthly Lease Fees are also due on the first day of each month.

14. Plaintiffs also charge Owners fees associated with actual flight time, called Occupied Hourly Fees, and for fuel and ancillary services such as ground transportation and catering. These costs are generally due within ten (10) days of receiving an invoice for the same.

15. The terms of an Owner's participation in the NetJets Fractional Program are governed by a program agreement that contemplates the Owner will participate in the Program for a specific amount of time.

16. If upon termination of a program agreement, an Owner flies more hours than allotted/earned under the agreement, the Owner is charged additional fees for such overflown hours. These fees are designed to compensate NetJets for the additional financial and operational strain placed on the Program due to such overflying.

17. Furthermore, if an Owner leaves the Program early, it damages Plaintiffs in an uncertain amount, in part, because Plaintiffs budget and both financially and logistically plan for the entire NetJets Fractional Program based on an Owner paying his Monthly Management Fees, Lease Payments and other fees for the full term of the program agreement. If the Owner stops paying these fees, Plaintiffs must find an entirely new Owner for the interest—a new Owner who, but for the prior Owner's breach in leaving the Program early, may have purchased or leased a new, rather than mere replacement, interest in a NetJets Fractional Program aircraft.

18. Accordingly, Plaintiffs and Owners agree in their program agreements to a reasonable and enforceable liquidated damage clause designed to reimburse Plaintiffs for the financial harm caused by early termination.

**Plaintiffs Terminate Defendant's Program Agreement
Due To Defendant's Failure To Pay *Any* Fees**

19. On or about March 7, 2025, Defendant Fan entered into [Redacted] NetJets Fractional Program Agreement with Plaintiffs (the "Program Agreement") whereby Mr. Fan [Redacted] ████████████████████████████████████████ ████████████████████████████████.

20. A copy of the Program Agreement, with redactions for confidentiality purposes, is attached hereto as Exhibit A and incorporated herein. Subsequent to the filing of a redacted version of this Complaint, Plaintiffs will seek to file an unredacted version of the Complaint and Exhibit A under seal. Furthermore, upon information and belief, Mr. Fan has a copy of the Program Agreement.

21. Despite flying [Redacted] between March 7, 2025 and June 30, 2025, by mid-August 2025, Mr. Fan had not paid a single invoice, including over [Redacted] in Monthly Management Fees, over [Redacted] in Monthly Lease Fees, and over [Redacted] in fees associated with flight activity, such as Occupied Hourly Fees, fuel costs and costs of ground transportation.

22. On August 14, 2025, Plaintiffs provided Mr. Fan with notice of his failure to pay [Redacted] ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████.

23. Mr. Fan never paid any of the amounts identified in the notice of non-payment and continued to fail to pay amounts due under the Program Agreement.

24. On September 10, 2025, via a notice of termination sent to Mr. Fan [Redacted]

4

[Redacted], Plaintiffs terminated the Program Agreement [Redacted] effective August 27, 2025.

25. [Redacted]

27. Accordingly, Mr. Fan owes Plaintiffs twelve months of Monthly Management Fees and Monthly Lease Fees [Redacted] as outlined in Paragraph 25 above.

28. Despite demands by Plaintiffs, Mr. Fan has failed to pay:

    a. the Monthly Management Fees owed [Redacted];

    b. the Monthly Lease Fees owed [Redacted];

    c. Occupied Hourly Fees, fuel costs and other costs associated with flight activity owed [Redacted];

    d. Fees for ground transportation owed [Redacted];

5

  e. Fees for overflown hours totaling [Redacted]; and

  f. the liquidated damages owed [Redacted].

29. Thus, Plaintiffs are owed [Redacted].

30. A detailed listing of all amounts due to Plaintiffs is set forth on the Lease Termination Final Accounting Statement attached hereto as Exhibit B with redactions for confidentiality purposes.  Subsequent to the filing of a redacted version of this Complaint, Plaintiffs will seek to file an unredacted version of the Complaint and Exhibit B under seal. Furthermore, upon information and belief, Mr. Fan has a copy of the Lease Termination Final Accounting Statement.

## Count One
## Breach of the Program Agreement

31. Plaintiffs reallege and incorporate the foregoing allegations as if restated herein.

32. The Program Agreement constitutes a binding contract between Plaintiffs and Mr. Fan.

33. Plaintiffs substantially performed their duties under the Program Agreement.

34. Mr. Fan materially breached the Program Agreement by failing to timely pay Plaintiffs all amounts due thereunder.

35. Mr. Fan's breach of the Program Agreement has directly and proximately caused Plaintiffs to incur (and continue to incur) damages, including:

  a. [Redacted] for unpaid fees and liquidated damages,

    b. Interest on late payments <span style="background-color:black;color:white">Redacted</span>

    <span style="background-color:black;color:white">▮</span>, and

    c. The costs of enforcement and collection of the amounts due under the Program Agreement, including reasonable attorney fees, <span style="background-color:black;color:white">Redacted</span>.

WHEREFORE, Plaintiffs pray for judgment against Defendant Colin Fan as follows:

A.    At least <span style="background-color:black;color:white">Redacted</span> in compensatory damages;

B.    Pre-judgment interest <span style="background-color:black;color:white">Redacted</span>;

C.    Post-judgment interest at the maximum legal rate;

D.    Plaintiffs' reasonable attorney's fees and expenses in collecting the amount due;

E.    Plaintiffs' costs in this matter; and

F.    Such other relief as the Court should deem fair, just and equitable.

    Respectfully submitted,

    /s/ Christopher J. Hogan
    Trial Counsel
    Christopher J. Hogan   (0079829)
    ZEIGER, TIGGES & LITTLE LLP
    8000 Walton Parkway
    Suite 260
    New Albany, OH  43054
    (614) 365-9900
    (Fax) (614) 365-7900
    hogan@litohio.com

    Attorney for Plaintiffs

948-040.1071480