## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**NETJETS SALES, INC., et al.,**

      **Plaintiffs,**

    **v.**　　　　　　　　　　　　**Civil Action 2:25-cv-01361**
　　　　　　　　　　　　　　　　**District Judge Algenon L Marbley**
　　　　　　　　　　　　　　　　**Magistrate Judge Kimberly A. Jolson**


**COLIN FAN,**

      **Defendant.**

## <u>OPINION AND ORDER</u>

Plaintiffs' Motion to File Documents Under Seal is before the Court.  (Doc. 3).  For the following reasons, the Motion is **DENIED**.

## I.　BACKGROUND

This is a breach of contract action.  (Doc. 1 at ¶ 1).  Plaintiffs operate an aircraft program, wherein they sell and lease fractional interests in private jets.  (*Id.* at ¶¶ 6–7).  Owners in the program can fly on demand for a monthly fee.  (*Id.* at ¶¶ 11–12).  Plaintiffs and Defendant Colin Fan entered into such an agreement.  (*Id.* at ¶¶ 18–19).  And, say Plaintiffs, Defendant took flights between March and June 2025, but then failed to pay.  (*Id.* at ¶ 21).  As a result, Plaintiffs terminated the agreement and now sue Defendant for breach of contract.  (*Id.* at ¶¶ 24–30).

Providing a fuller picture of this lawsuit is difficult.  As filed, Plaintiffs' Complaint is heavily redacted.  (*See generally* Doc. 1).  And the two exhibits attached to the Complaint are almost entirely redacted.  (Doc. 1-1, 1-2; *see also* Doc. 3 at 5 (stating Exhibit A is the agreement the parties entered into, and Exhibit B contains a list of payments Defendant allegedly owes)).  Plaintiffs seek to keep this information from public view and have moved to seal the documents permanently.  (Doc. 3).  The Motion is ready for consideration.

## II.     STANDARD OF REVIEW

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.*  ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."  *Id.* at 308 (citation and quotations omitted).  "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Id.* at 305–06 (quotation omitted).  Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential."  *Id.* at 307–08 (internal citations and quotations omitted).  If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in

access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## III. DISCUSSION

Plaintiffs seek to file under seal portions of their Complaint and two attached exhibits. (Doc. 3 at 2). This information, they say, includes: (1) Exhibit A to the Complaint, NetJets' Program Agreement with Defendant and related and incorporated documents; (2) Exhibit B to the Complaint, summaries reflecting calculations of specific amounts accrued, paid, and owed by Defendant, which discloses NetJets' pricing, billing, and fee structures; and (3) portions of the Complaint that reveal confidential terms of the agreement. (*Id.* at 5). In considering the *Shane Group* factors, the Court finds no justification for protecting the information from public view.

Beginning with the two exhibits, Plaintiffs argue they have a compelling interest in keeping them under seal. (Doc. 3 at 3). Citing competitive interests, Plaintiffs argue that the exhibits reveal "highly-confidential and competitively-sensitive information," including pricing and fee

structures. (*Id.* at 4–5). The Sixth Circuit has told District Courts not to seal or redact information on the "bald assertion" that it would cause a competitive disadvantage. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (holding that the "bald assertion" that disclosing information such as the price a party makes under a contract "would harm a party's competitive position" is not a compelling reason to seal) (citation modified)). And the Court expressly held that litigants' desire to "keep confidential … the price they agreed to pay under a contract" is "not a sufficient reason to seal." *Id.* at 932 (citing *Baxter*, 297 F.3d at 547). Here, that is what Plaintiffs want to do. (See Doc. 3 at 4–5 (noting desire to hide negotiated prices)). And neither have Plaintiffs shown that "disclosure will work a clearly defined and serious injury." *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 307). Plaintiffs have not shown a compelling interest to seal.

Moreover, even if the interests were compelling, such interests do not outweigh the public's interest in accessing the information. According to Plaintiffs, Exhibit A is the "Program Agreement," between the parties. (Doc. 3 at 5). And Exhibit B is the "Lease Termination Final Accounting Statement," which lists the amounts Defendant allegedly owed under the agreement but did not pay. (*Id.*; Doc. 1 at ¶¶ 27–30). Plaintiffs sue Defendant for breach of the Program Agreement because Defendant allegedly failed to make payments to Plaintiffs. (Doc 1 at ¶¶ 31–35). The public's interest in the "subject matter" of this case is not as limited as Plaintiffs suggest. *Shane Grp., Inc.*, 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."); (Doc. 3 at 5). By virtue of this suit's nature, Plaintiffs make the agreement central to this matter. *See Machliet v. Hutton*, No. 1:20-cv-270, 2021 WL 6427932, at *1 (E.D. Tenn. Jan. 22, 2021) (denying a motion to seal a settlement agreement in an action where plaintiffs alleged defendants breached its terms). Similarly, by arguing that Defendant owed Plaintiffs specific payments, those specific payments

are at issue. The public has a heightened interest in revealing these exhibits so they may understand the fundamental nature of the case and how the Court decides it. *Shane Grp., Inc.*, 825 F.3d at 305. ("[T]he public has an interest in ascertaining what evidence and records [the Court] relied upon in reaching [its] decisions.").

Plaintiffs' requests are also not narrowly tailored as required by *Shane Group*. To be narrowly tailored, "the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 305. As Plaintiffs should very well know, this Court has previously held that when parties seek to seal the entirety of an exhibit, such as an agreement, that request is not narrowly tailored. *Netjets Ass'n of Shared Aircraft Pilots v. Netjets, Inc.*, No. 2:14-CV-2487, 2025 WL 474239 (S.D. Ohio Feb. 12, 2025). Here, Plaintiffs wish to do exactly that. (Doc. 3 at 5). More concerning, Plaintiffs fail to even argue that the requests are narrowly tailored, as clear precedent requires. *Grae*, 134 F.4th at 932 ("[T]he burden of 'demonstrat[ing]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." (quoting *Shane Grp.*, 825 F.3d at 308)). The Court will not fill in the analysis where Plaintiffs wholly omitted it. Instead, the proposed redactions are broader than necessary to effectuate any interest Plaintiffs may have. As a result, Plaintiffs' Motion to place unredacted versions of Exhibits A and B under seal is **DENIED.**

Plaintiffs' request to keep portions of the Complaint under seal fare no better. (Doc. 3 at 5). These portions, Plaintiffs say, include discussions about the agreement and their disclosure could subject Plaintiffs to an action for breach of the confidentiality provision of the agreement. (*Id.*). Parties cannot hide behind a confidentiality clause to justify keeping secrets from the public in a federal lawsuit. *See Machliet v. Hutton*, No. 120CV00270TRMCHS, 2021 WL 6427932 (E.D. Tenn. Jan. 22, 2021) ("[C]onfidentiality agreement[s] between the parties does not bind the [C]ourt

in any way."). Plaintiffs' request to redact this information is no exception. Nor do they assert any other interest to support their request. Plaintiffs thus fail to assert a compelling interest.

And, again, the public has an interest in disclosure here. (Doc 1 at ¶¶ 31–35 (alleging Defendant breached the Program Agreement); Doc. 3 at. 5 (seeking to seal portions of the Complaint that refer to the Program Agreement)). Plaintiffs have placed discussions of the agreement front and center by including them in their Complaint. As a result, the public has a heightened interest in viewing portions of the Complaint that refer to the agreement, so they can understand how Defendant allegedly violated it. *Rudd Equip. Co., Inc. v. Volvo Const. Equip. N.A.*, LLC, No. 3:19-cv-778, 2020 WL 6946577, at *3 (W.D. Ky. Nov. 25, 2020) (saying a decision on a breach of contract claim will include a discussion of the agreement's terms).

Finally, the redactions are not narrowly tailored. Plaintiffs refuse to publicly allege the extent of Defendant's breach, in fear of breaching the agreement themselves. (*See, e.g.*, Doc 1 at ¶¶ 28–29 ("Despite demands by Plaintiffs, Mr. Fan has failed to pay (a) the Monthly Management Fees owed [Redacted].")). For example, to avoid discussion of the pricing in the agreement, they redact even the compensatory damages and pre-judgment interest they seek as relief. (*Id.* at 7 ("At least [Redacted] in compensatory damages")). In terms of quantity, five out of the seven pages in the Complaint contain redactions. (*Id.* at 1, 4, 5, 6, 7). Two paragraphs of the Complaint are redacted in their entirety (Doc. 1 at ¶¶ 25–26 ("[Redacted]")). And one page is so marked up that it hardly contains a complete sentence. (*Id.* at 5). In their Motion, Plaintiffs again fail to explain how these redactions are narrowly tailored. Plaintiffs "cannot expect to reap the benefits of an overbroad request by placing the onus on the Court to determine on a 'line-by-line basis . . . that specific information in the court record meets the demanding requirements for a seal.'" *Rudd Equip. Co., Inc.*, 2020 WL 6946577, at *3 (quoting *Shane Grp., Inc.*, 825 F.3d at 308); *U.S. ex rel.*

6

*Scott v. Humana*, No. 3:18-cv-61, 2021 WL 4449277, at *9 (W.D. Ky. Sept. 28, 2021) (stating the same).  As it stands, Plaintiffs' request to seal is much too broad, and the Court declines to do Plaintiffs' work for them.  Plaintiffs' Motion to file an unredacted version of the Complaint under seal is **DENIED.**

**IV.     CONCLUSION**

Plaintiffs have not met their burden to seal the proposed materials, and their Motion for leave to do so (Doc. 3) is **DENIED.**  Plaintiffs are **ORDERED** to file an unredacted version of the Complaint, including all exhibits, **within seven (7) days** of this Order.

IT IS SO ORDERED.


Date:  December 5, 2025                                          /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE